LUNSFORD DOLE PHILLIPS #4407
500 Ala Moana Blvd., Suite 7400
Honolulu, Hawaii 96813
Tel: (808)543-2055; Fax (808)543-2010
lunsfordphillips@icloud.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL PERIUS<br>    Plaintiff, | CIVIL NO. |
| vs. | COMPLAINT |
| ALOHA PETROLEUM, LTD.;<br>ALOHA PETROLEUM, LLC<br>    Defendants | |

COMPLAINT

Plaintiff MICHAEL PERIUS, through his undersigned counsel, avers and alleges:

1. This Court has original jurisdiction under 28 U.S.C. § 1331 because a federal question is raised herein, namely the alleged violation of the Americans With Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. §§ 12101 et seq., and this Court has pendent jurisdiction over the parallel state law claims deriving from the same set of facts.

2. Venue lies in this Court because all events material hereto occurred within the District of Hawaii.

3. Plaintiff PERIUS ["Plaintiff"] is an amputee with substantially limited mobility, a physical condition that qualifies him as a disabled person under federal and state law.

4. Defendants ALOHA PETROLEUM, LTD. and ALOHA PETROLEUM, LLC [collectively "Defendants"] do business in Hawaii as domestic profit corporation and a foreign limited liability company respectively. They are duly registered with the State of Hawaii Dept. of Commerce and Consumer Affairs' Business Registration Division as being engaged in operations relating to petroleum products.

5. Defendants are public accommodations, operating a gas station and a convenience store located at 2521 Kolo Road, Kilauea, County of Kauai.

## FACTS

6. Being a Kauai resident for years, the Plaintiff has patronized the Defendants' facilities on a regular and frequent basis and intends to do so in the future.

7. He has made numerous complaints to the managers of the Defendants' operations because the current parking causes him physical difficulties and emotional distress.

8. Plaintiff was and is substantially limited in mobility because he is an amputee. He needs and will need parking spaces as near businesses' entrances as possible. The Defendants' current parking designated as accessible is not.

9. Plaintiff is benefitted by certain features of physical accessibility at places of public accommodation, including parking that has a certain design, designation, number and location. The ADA tasked the Department of Justice to create accessibility requirements for places of accommodation's physical features including parking.

10. These accessibility requirements for parking are included in the ADA Standards for Accessible Design [ADAAG].

11. Defendants operate the Kolo Road gas station and convenience store.

12. In 2021 Plaintiff exhausted his patience waiting for the Defendants to provide the accessible parking required by law.

13. So Plaintiff lodged a complaint with the Hawaii Civil Rights Commission and subsequently requested and received his Right-To-Sue notice. This Complaint is timely filed.

## CAUSES OF ACTION

14. Plaintiff brings a cause of action pursuant to 42 U.S.C. § 12182(a) and 42 U.S.C. § 12182(a)(2)(A)(iv) based on the Defendants' denying him full and equal enjoyment of their goods, services, and facilities because of failing to remove the barriers presented by their non-compliant parking. Defendants have not provided the required compliant accessible parking although to do so is readily achievable.

15. Plaintiff brings a cause of action pursuant to Hawaii Revised Statutes § 489-3 based on the Defendants' denying him full and equal enjoyment of their goods, services, and facilities because the Defendants do not provide compliant accessible parking.

16. Plaintiff brings a cause of action pursuant to Hawaii Revised Statutes § 291-58 based on the Defendants' failure to provide compliant accessible parking.

## RELIEF SOUGHT

17. Plaintiff seeks both legal and equitable relief.

18. Pursuant to 42 U.S.C. § 12188(a)(1) the Plaintiff seeks an injunction requiring the Defendants to provide fully compliant accessible

parking and train their managers and administrators on accessibility requirements.

19. Pursuant to Hawaii Revised Statutes § 489-7.5(a)(2) the Plaintiff seeks an injunction requiring the defendants to train their managers and administrators on accessibility requirements.

20. Pursuant to Hawaii Revised Statutes § 489-7.5(a)(1) the Plaintiff seeks damages three times the amount of damages shown at trial for discrimination and emotional distress.

21. Pursuant to Hawaii Revised Statutes § 291-58 the Plaintiff seeks the authorized daily fine of between $250 and $1,000 for every day since September 30, 2021 until the Defendants finally provide fully compliant accessible parking.

22. Pursuant to 42 U.S.C. § 12205 the plaintiff seeks all his reasonable attorney's fees and litigation costs, including expert witness expenses, Oahu-Kauai transportation/hotel and personal care attendant charges.

23. Pursuant to Hawaii Revised Statutes §489-7.5(a)(1) the plaintiff seeks all reasonable attorney's fee and costs of litigation, including expert witness expenses, Oahu-Kauai transportation/hotel and personal care attendant charges.

24. Plaintiff requests any and all further relief the Court deems justified by the evidence adduced.

DATED: Honolulu, Hawaii, January 12, 2022

/s/ LUNSFORD DOLE PHILLIPS
    Attorney for Plaintiff