IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHEAL PERIUS, | ) | CIVIL NO. 22-00021 SOM-WRP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER GRANTING DEFENDANTS' |
| ALOHA PETROLEUM, LTD.; ALOHA | ) | MOTION TO DISMISS PLAINTIFF'S |
| PETROLEUM, LLC | ) | FIRST AMENDED COMPLAINT |
| | ) | WITHOUT PREJUDICE |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT WITHOUT PREJUDICE

**I.       INTRODUCTION AND BACKGROUND.**

According to Plaintiff Michael Perius, Defendants Aloha Petroleum, Ltd., and Aloha Petroleum, LLC, operate a gas station that failed to adequately accommodate Perius's disability.  In his First Amended Complaint, Perius alleges that, as an amputee with substantially limited mobility, he needs "parking spaces as near businesses' entrances as possible" and that the "current parking designated as accessible [at the gas station in question] is not."  ECF No. 7, PageID # 19.  He therefore contends that that gas station is violating a Department of Justice regulation that states that "[a]ccessible spaces must connect to the shortest possible accessible route to the accessible building entrance or facility they serve."  ECF No. 16, PageID # 55.  On that basis, the First Amended Complaint alleges that Defendants

have violated 42 U.S.C. § 12182(a), which is a part of the Americans with Disabilities Act, as well as Hawaii Revised Statutes §§ 489-3 and 291-58.

Defendants now move to dismiss.  They contend that the conclusory allegations in First Amended Complaint fail to state a claim.  ECF No. 12.  This court agrees.[1]  The allegations in the First Amended Complaint do nothing more than parrot the regulation that Perius alleges Defendants violated.  The First Amended Complaint is dismissed with leave to amend.

II.     **STANDARD OF REVIEW.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's review is generally limited to the contents of a complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).  If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment.  *See Keams v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).  However, the court may take judicial notice of and consider matters of public record without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.

---

[1] The court opts to decide this motion without a hearing pursuant to Local Rule 7.1(c).

2001); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell*, 266 F.3d at 988; *Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than

3


Case 1:22-cv-00021-SOM-WRP   Document 19   Filed 05/10/22   Page 4 of 6   PageID #: 88

an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**III.    ANALYSIS.**

The sole issue raised by Defendants' motion to dismiss is whether the allegations in the First Amended Complaint are too conclusory to state a claim.  Defendants contend that the First Amended Complaint does "little more than recite the elements of an ADA claim, and fall[s] short of putting Aloha on notice of how parking at Aloha's facility prevented Plaintiff from full and equal access to the facility."  ECF No. 12-1, PageID # 35.  In response, Perius argues that his allegations are sufficient because he has "identified the specific ADA barrier of which he

complains: Defendants' designated accessible parking spaces not being as close as possible to the business' entrance." ECF No. 16, PageID # 48.

This court agrees with Defendants. The regulation that Perius contends that Defendants violated states that "accessible spaces must connect to the shortest possible accessible route to the accessible building entrance or facility they serve." ECF No. 16-2, PageID # 73. The First Amended Complaint mirrors that regulation. It alleges only that the parking spaces at Defendants' gas station are not as close to the entrance as possible. ECF No. 7, PageID # 19. That "unadorned, the-defendant-unlawfully-harmed-me accusation" is too conclusory to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. The First Amended Complaint neither identifies the location of the parking space that is designated as accessible nor explains why that space could be closer to the entrance of the gas station. Without such allegations, this court cannot evaluate whether the Complaint states a plausible claim.

Defendants' motion to dismiss is granted.[2] However, because it appears that Perius may be able to amend his complaint

---

[2] Because the First Amended Complaint fails to state a claim, this court need not address Defendants' alternative argument that the First Amended Complaint fails to identify which of the two defendants actually operates the gas station at this time. *See* ECF No. 18, PageID # 78. If Perius chooses to file an amended complaint, he may include additional allegations on this issue.

to remedy the deficiency, see ECF No. 16, PageID # 51, this court grants Perius leave to file a Second Amended Complaint.

**IV.    CONCLUSION.**

Defendants' motion to dismiss is granted.  The First Amended Complaint dismissed without prejudice.  Perius may file a Second Amended Complaint by May 31, 2022.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 10, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Perius v. Aloha Petroleum Ltd. et al., Civ. No. 22-00021 SOM-WRP; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT PREJUDICE.