LUNSFORD DOLE PHILLIPS #4407
500 Ala Moana Blvd., Suite 7400
Honolulu, Hawaii 96813
Tel: (808)543-2055; Fax (808)543-2010
lunsfordphillips@icloud.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL PERIUS )<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>ALOHA PETROLEUM, LTD.; )<br>GENERAL PATNERS OF ITM, )<br>LLC )<br>  Defendants )<br>_____ ) | CIVIL NO. 22-00021 SOM-WRP<br><br>PLAINTIFF'S SECOND AMENDED COMPLAINT |

SECOND AMENDED COMPLAINT

Plaintiff MICHAEL PERIUS, through his undersigned counsel, avers and alleges:

1. This Court has original jurisdiction under 28 U.S.C. § 1331 because a federal question is raised herein, namely the alleged violation of the Americans With Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. §§ 12101 et seq., and this Court has pendent jurisdiction over the parallel state law claims deriving from the same set of facts.

2. Venue lies in this Court because all events material hereto occurred within the District of Hawaii.

3. Plaintiff PERIUS ["Plaintiff"] is an amputee with substantially limited mobility, a physical condition that qualifies him as a disabled person under federal and state law.

4. According to Kauai County property tax records Defendant ALOHA PETROLEUM, LTD. is the lessee, and Defendant GENERAL PARTNERS OF ITM LLC is the fee owner of the real property at issue [collectively "Defendants"]. ALOHA PERTROLEUM, LTD. does business in Hawaii as domestic profit corporation. ALOHA PETROLEUM, LTD. is duly registered with the State of Hawaii. GENERAL PARTNERS OF ITM LLC is not registered with the State of Hawaii Dept. of Commerce and Consumer Affairs' Business Registration Division.

5. Defendants are public accommodations, owning and leasing property located at 2521 Kolo Road, Kilauea, County of Kauai on which a gas station and a convenience store is being operated.

## FACTS

6. Being a Kauai resident for years, the Plaintiff has patronized the Defendants' facilities on a regular and frequent basis and intends to do so in the future.

7. He has made numerous complaints about the Defendants' operations because the current parking causes him physical difficulties and emotional distress.

8. Plaintiff was and is substantially limited in mobility because he is an amputee. He needs and will need parking spaces as near businesses' entrances as possible. Defendants' current parking designated as accessible is not. For example the only designated accessible space is

around the far corner of the building- the absolute farthest possible distance from the building entrance. In that location there is a ramp providing access to the building's foundation's six-inch concrete slab. This ramp is the only way to get up the slab. So anyone needing an accessible route into the building from any place on the property must go around to the building's far corner, go up the ramp [if a commercial vehicle seeking to park as close as possible to the building's rear service door isn't improperly parked in the "accessible" space blocking any route to the ramp] and then backtrack along the slab to the building's entrance. There are nine parking spaces fronting the building and its entrance. These provide ample room for the ADA-required, ADA-compliant accessible parking space with access aisle to be located directly in front of the entrance as required by ADA Standard 208. The property also has five additional parking spaces near the air pump but no accessible ones. There is enough space in this area for a single compliant accessible parking space, required because that parking is in a separate location from the building's front.

9. Plaintiff is benefitted by certain features of physical accessibility at places of public accommodation, including parking that has a certain design, designation, number and location. The ADA tasked the Department of Justice to create accessibility requirements for places of accommodation's physical features including parking.

10. These accessibility requirements for parking are included in the 2010 ADA Standards for Accessible Design, §208.

11. Defendants operate the Kolo Road gas station and convenience store. For a year they have refused to provide ADA-compliant

parking or take effective steps to deter their suppliers' and vendors' illegal use of the single non-compliant parking space marked as an accessible space.

12. In 2021 Plaintiff exhausted his patience waiting for the Defendants to enforce the reserved accessible parking required by law.

13. So Plaintiff lodged a complaint with the Hawaii Civil Rights Commission and subsequently requested his Right-To-Sue notice.

## CAUSES OF ACTION

14. Plaintiff brings a cause of action pursuant to 42 U.S.C. § 12182(a) and 42 U.S.C. § 12182(a)(2)(A)(iv) based on the Defendants' denying him full and equal enjoyment of their goods, services, and facilities because they fail to remove the barriers presented by their non-compliant accessible parking that they refuse to reserve for persons with disabilities.  Defendants have not provided the required compliant accessible parking although to do so is readily achievable.

15. Plaintiff brings a cause of action pursuant to Hawaii Revised Statutes § 489-3 based on the Defendants' denying him full and equal enjoyment of their goods, services, and facilities because Defendants do not provide compliant accessible parking.

16. Plaintiff brings a cause of action pursuant to Hawaii Revised Statutes § 291-58 based on the Defendants' failure to provide compliant accessible parking.

## RELIEF SOUGHT

17. Plaintiff seeks both legal and equitable relief.

18. Pursuant to 42 U.S.C. § 12188(a)(1) the Plaintiff seeks an injunction requiring the Defendants to provide fully compliant accessible parking and train their managers and administrators on accessibility

requirements, including an effective policy to reserve the accessible space for persons with disabilities.

19. Pursuant to Hawaii Revised Statutes § 489-7.5(a)(2) the Plaintiff seeks an injunction requiring the defendants to train their managers and administrators on accessibility requirements.

20. Pursuant to Hawaii Revised Statutes § 489-7.5(a)(1) the Plaintiff seeks damages three times the amount of damages shown at trial for discrimination and emotional distress.

21. Pursuant to Hawaii Revised Statutes § 291-58 the Plaintiff seeks the authorized daily fine of between $250 and $1,000 for every day since September 30, 2021 until the Defendants finally provide fully compliant accessible parking.

22. Pursuant to 42 U.S.C. § 12205 the plaintiff seeks all his reasonable attorney's fees and litigation costs, including expert witness expenses, Oahu-Kauai transportation/hotel and personal care attendant charges.

23. Pursuant to Hawaii Revised Statutes §489-7.5(a)(1) the plaintiff seeks all reasonable attorney's fee and costs of litigation, including expert witness expenses, Oahu-Kauai transportation/hotel and personal care attendant charges.

24. Plaintiff requests any and all further relief the Court deems justified by the evidence adduced.

DATED: Honolulu, Hawaii, May 12, 2022

/s/ LUNSFORD DOLE PHILLIPS
    Attorney for Plaintiff